IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIRGEN M. CORCINO-RODRÍGUEZ, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>STATE INSURANCE FUND CORPORATION, et al.,<br><br>    Defendants. | CIVIL NO.: 10-1405 (MEL) |

**OPINION AND ORDER**

Pending before the court is a motion to dismiss (D.E. 46), filed by defendant State Insurance Fund Corporation ("SIFC"), along with defendants Saúl Rivera-Rivera and Zoimé Álvarez-Rubio, the Director and Assistant Director of the SIFC, in their official capacity ("defendants").  Plaintiffs Virgen M. Corcino-Rodríguez and Myriam Burgos-Ocana ("plaintiffs") have filed a response to this motion (D.E. 47).

Defendants argue that, as an "arms or 'alter egos' of the state," they are protected from suit under the Eleventh Amendment of the U.S. Constitution. D.E. 46, at 4.  The Eleventh Amendment dictates that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  The protection of the Eleventh Amendment extends not only to the fifty states, but also to the Commonwealth of Puerto Rico.  See Jusino Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 39 (1st Cir. 2000).  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  In particular, the Eleventh

Amendment "bars federal court lawsuits [against States] by private parties insofar as they attempt to impose liabilities necessarily payable from public coffers." Iberia Líneas Aéreas de España v. Vélez-Silva, 59 F. Supp. 2d 266, 269 (1st Cir. 1999). This immunity protects not only states, but also "arm[s] of the state." In re San Juan Dupont Plaza Hotel Fire Litig., 888 F.2d 940, 942 (1st Cir. 1989). The entity seeking the protection of the Eleventh Amendment "bears the burden of showing that it is an arm of the state." Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002).

In order to determine whether the SIFC, a public corporation, is an arm of the state, one must engage in a two-step inquiry. First, one must determine "whether the state had structured [the entity] to be an arm of the state." Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico & Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 65 (1st Cir. 2003). Within this inquiry is a four-factor analysis:

> 1. extent of state control including through the appointment of board members and the state's power to veto board actions or enlarge the entity's responsibilities;
> 2. how the enabling and implementing legislation characterized the entity and how the state courts have viewed the entity;
> 3. whether the entity's functions are readily classifiable as state functions or local or non-governmental functions; and
> 4. whether the state bore legal liability for the entity's debts.

Id. at 65 n.7. If this first step is inconclusive, "the dispositive question concerns the risk that the damages will be paid from the public treasury." Id. at 68.

Defendants cite Berríos-Trinidad v. Ruiz-Nazario, CIV. 08-1809 (JP), 2009 WL 866864 (D.P.R. Mar. 27, 2009) (Pieras, J.), which held that the SIFC was an arm of the state and immune from suit under the Eleventh Amendment. Nevertheless, since Berríos-Trinidad, there have been two district court decisions holding that SIFC is not an arm of the state. Aponte-Ramos v. Álvarez-Rubio, CIV. 10-2191 (GAG), 2011 WL 5855313 (D.P.R. Oct. 28, 2011) (Gelpí, J.);

2

Joubert-Vázquez v. Álvarez-Rubio, 820 F. Supp. 2d 289, 299 (D.P.R. 2011) (Casellas, J.). As plaintiffs point out, the court in Berríos-Trinidad relied on Morales–González v. J.R.T., 121 D.P.R. 249 (1988), a Puerto Rico Supreme Court case which analyzed the SIFC as it existed before the 1992 amendments to its Organic Act. D.E. 47, at 2. The court in Joubert-Vázquez noted that Berríos-Trinidad "fails to paint the whole picture as to the SIFC's structure."[1] 820 F. Supp. 2d at 299. For example, after the 1992 amendments, the SIFC can "[s]ue and be sued in its name."[2] 11 L.P.R.A. § 1b-1; cf. Berríos-Trinidad, 2009 WL 866864, at *1 (characterizing SIFC as "a government agency not subject to sue and be sued").

The dispositive inquiry, as the court in Joubert-Vázquez states, is "whether the Commonwealth would end up holding the bag if Plaintiffs prevail in this suit." Id. Like the defendants in Joubert-Vázquez, defendants in this case argue that "the state treasury would be placed in peril by any monetary judgment in this case," pointing to "substantial fund transfers from the [SIFC] to the central government." D.E. 46, at 9-10. Indeed, a ruling that the SIFC is not protected by the Eleventh Amendment "indirectly may impact the Commonwealth treasury."

---

[1] For the first step of the arm-of-the-state analysis, the Berríos-Trinidad court noted several factors favoring protection under the Eleventh Amendment:
> [T]he SIF[C] undoubtedly exercises a significant government function. Specifically, the Executive Branch of the government controls the SIF[C] and appoints its manager, the SIF[C]'s budget must be submitted for the approval of the Governor, and the SIF[C] must present an annual report to the Legislature of Puerto Rico. The SIF[C] may not acquire property, except under certain limitations imposed by statute. Although the SIF[C]'s employees were granted the right to collective bargaining, they are not empowered to strike. Finally, the merit principle of the Personnel Act for the Commonwealth of Puerto Rico permeates the recruitment and permanency of the SIF[C]'s workforce.

2009 WL 866864, at *1 (internal citations omitted). But the Joubert-Vázquez court also noted that the SIFC could "prepare, formalize, and award agreements, leases, contracts and other instruments with the Commonwealth of Puerto Rico and any of its political subdivisions, agencies or political instrumentalities"; it may "sue and be sued in its name"; its "Board of Directors has complete authority to run the corporation's affairs, with the Commonwealth enjoying no veto power over its decisions"; and "the Commonwealth may remove Board members … only … for just cause, upon the filing of charges and the opportunity to be heard." 820 F. Supp. 2d at 299 (internal quotations and citations omitted). Thus, the first step of the arm-of-the-state analysis is inconclusive.

[2] A sue-and-be-sued provision "typically is used to signify a waiver of immunity from suit." Aroostook Band of Micmacs v. Ryan, 484 F.3d 41, 68 (1st Cir. 2007); see also U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 741 (2004) ("The [Postal Reorganization Act] waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name.'").

Aponte-Ramos, 2011 WL 5855313 at *1.  Nevertheless, "well settled law establishes that an indirect or ancillary impact on a state's treasury is insufficient to activate the Eleventh Amendment."  820 F. Supp. 2d at 300 (citing Cash v. Granville County Bd. of Educ., 242 F.3d 219, 224-25 (4th Cir. 2001)).  "[I]t is an undisputed fact that the [SIFC] generates its own funds, and any judgment rendered against it will be satisfied from its own funds, and not by the Commonwealth Fisc."  Aponte-Ramos, 2011 WL 5855313, at *1.[3]

Because the SIFC is not an arm of the state, it is not protected by the Eleventh Amendment.  Thus, the Court hereby **DENIES** defendant's motion to dismiss (D.E. 46).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of October, 2012.

> s/Marcos E. López
> U.S. Magistrate Judge

---

[3] The Aponte-Ramos court points to other public corporations which were found not to be arms of the state and thus do not receive Eleventh Amendment protection.  2011 WL 5855313, at *1 (citing Orria–Medina v. Metro. Bus Auth., 565 F. Supp. 2d 285, 301-02 (D.P.R. 2007) (bus authority); Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. and the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56 (1st Cir. 2003) (Cardiovascular Center); Metcalf & Eddy, Inc. v. P.R. Aqueduct and Sewer Auth., 991 F.2d 935 (1st Cir. 1993) (Aqueduct and Sewer Authority); Riefkohl v. Alvarado, 749 F. Supp. 374, 375 (D.P.R. 1990) (Electric Energy Authority)).